## JOSELOVE  v.  BOHRMAN.

1. If one of two partners engaged in a mercantile business sells his interest therein to the other, and agrees that the latter may still use the partnership name, upon the express condition that he will not contract any new liabilities thereunder, and thereafter the purchasing partner buys large bills of goods in the name of the old firm, and is insolvent, the partner who has sold out his interest is entitled to an injunction, restraining the other from altering the status of the assets of such business, and to have a receiver appointed to take charge of and dispose of the same, under the orders of the court.

2. The judgment of the court was in accordance with the principle above laid down, and we can not say that there was not sufficient evidence to support it.

Submitted November 17, — Decided December 10, 1903.

Injunction etc.   Before Judge Mitchell.   Colquitt superior court.   October 9, 1903.

*T. W. Mattox,* for plaintiff in error.
*Murrow & Pate* and *J. D. McKenzie,* contra.

Fish, P. J.   Bohrman brought a petition, in the superior court of Colquitt county, against Joselove, to enjoin him from altering the status of a stock of merchandise in his possession in the city of Moultrie, and from encumbering the same, and for the appointment of a receiver to take charge of the stock.   The case which the plaintiff alleged in his petition was as follows:   Prior to the first of June, 1903, the plaintiff and the defendant composed the firm of Joselove & Bohrman, and were dealing in general merchandise in the city of Moultrie.   On the 20th of May, 1903, the plaintiff sold his interest in the firm to the defendant for the sum of $675, of which $100 was paid in cash, the defendant giving his notes for the balance, in the sum of $75 each, maturing the first of each month thereafter.   When the firm was dissolved, the plaintiff, at the request of the defendant, permitted the old firm name to be retained by the defendant in the business, upon the representation of the defendant " that the withdrawal of petitioner's name would seriously affect the firm's financial standing, said firm then owing a large sum of money, and cause its creditors to institute proceedings for the collection of their debts."   A condition incorporated in the dissolution agreement was, that the defendant should not purchase any goods or create any liability in the firm name.   Notwithstanding this agreement, the

plaintiff was informed and believed, and charged upon such information, that the defendant had broken faith with him and had purchased large bills of goods in the name of Joselove & Bohrman. The defendant was insolvent and possessed of no means except such as were represented by the stock of goods, which was of far less value than the amount of the debts owing by the firm. The defendant was attempting and preparing to defraud the creditors of the firm by appropriating the assets of the business to his own use, in order to prevent the creditors from obtaining their money, and, if permitted to do so, the plaintiff would be called upon to pay the debts. Unless a court of equity should intervene and administer the assets, the plaintiff would lose the amount due him in addition to various amounts due by the firm. The prayers of the petition were, that any creditor of the firm, who desired to intervene, might be made a party plaintiff; that the defendant be enjoined from altering the status of the assets, and that a receiver for the stock of goods be appointed to administer the affairs of the partnership under the direction of the court, and that the plaintiff should have judgment against the defendant for the amount due him. This petition was sworn to by the plaintiff, and upon its presentation to the judge a temporary restraining order was granted and a temporary receiver appointed. Upon the interlocutory hearing both the injunction and the receiver were made permanent. The case is here upon a bill of exceptions sued out by the defendant, complaining of the judgment of the court at the interlocutory hearing.

1. We think the case made by the petition was one which entitled the plaintiff to the equitable relief for which he prayed. He had no adequate remedy at law. The defendant was insolvent; through his fraudulent conduct the plaintiff had become bound for the payment of debts from the proceeds of which he could derive no benefit. The property purchased, in part at least, upon the plaintiff's credit was in the exclusive possession and control of the defendant, who had indicated a purpose to appropriate the proceeds of the same otherwise than in the payment of the debts created in its purchase. These alleged facts presented a strong case for the interference of a court of equity, the grant of an injunction, and the appointment of a receiver to take charge of the stock of goods in the hands of the defendant, in order that the court might

see that it was applied to the payment of the debts of the firm. Certainly this was as strong a case for the grant of an injunction and the appointment of a receiver as exists when such equitable relief is asked for on account of irreconcilable differences between partners as to the conduct of the business and wrongful conduct of one partner toward the other in reference to the partnership property; and in cases of the latter kind courts of equity do not hesitate to enjoin the partner who is guilty of the wrongful conduct and to appoint a receiver to take charge of the partnership assets.    The plaintiff was, if possible, in a worse condition than one who is fraudulently prevented by his partner from exercising that control over the partnership property, and from that participation in the partnership business, to which he is justly entitled.   He had no control of the property, no voice in the management of the business, and no participation in the profits of the business, if such there should be; and yet he was, by the fraudulent conduct of the insolvent defendant, made liable for the debts of the concern.   He was a partner and yet not a partner; a partner in liability, but not a partner in interest.    If a full-fledged partner is entitled, when wrongfully deprived of his rights as such by his copartner, to have a decree of dissolution and a receiver appointed to take charge of the partnership assets, in order that they may be, by the court, applied in accordance with justice and equity, it seems clear to us that one in the situation of this plaintiff was entitled to have a receiver appointed, in order that the stock of goods in the hands of the defendant might be applied in the payment of the debts created in its purchase.    The principles upon which a court of equity interferes in partnership affairs, for the protection of a member of the firm whose interests are imperiled by the wrongful and fraudulent conduct of his partner, are clearly applicable in the present case.

2.    While the evidence upon the main issue in the case is not altogether satisfactory to us, yet we can not say that there was not sufficient evidence to support the judgment rendered by the court.    The allegations of the plaintiff in reference to the partnership which had existed between himself and the defendant, the sale of his interest to the defendant, and the agreement that the defendant might use the old firm name, upon the express condition that he should not contract any new liabilities thereunder,

were sustained by the affidavit of the plaintiff, and were not disputed in the affidavit of the defendant, which was the only evidence that he introduced.　　The evidence to sustain the charge of the insolvency of the defendant was ample, and he did not dispute it in his affidavit.　　Certain letters from the defendant to the plaintiff, which were introduced in evidence, showed that the former thought he would have to fail, and indicated an intention on his part to save himself at the expense of the creditors of the firm. The only real issue made by the evidence, and the only question of fact which has given us any trouble, was as to whether the defendant had, after the dissolution of the partnership, purchased goods in the firm name.　　The plaintiff testified that the defendant had broken his agreement not to do so, and had purchased large bills of goods in the firm name.　　The defendant testified that he had not purchased or attempted to purchase goods or anything else, or created any liability, in the name of the firm since its dissolution.　　There was no other evidence upon the subject.　　While it would seem that the defendant's opportunities for knowing the truth with reference to this issue were very much better than those of the plaintiff, yet as it is not impossible for the plaintiff to have had personal knowledge of the fact to which he testified, and the credibility of these conflicting witnesses was a question for the trial judge, we can not say that the judge erred in settling the conflict in the testimony of the parties in favor of the plaintiff.　　With this conflict settled in favor of the plaintiff, the judgment granting an injunction and appointing a receiver was, as we have seen, fully authorized by the law.　　The judgment must, therefore, be affirmed.　　　　*Judgment affirmed.　　All the Justices concur.*